UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SASH BALASINKAM,<br><br>                        Plaintiff,<br><br>            -against-<br><br>NEW YORK CITY POLICE DEPARTMENT;<br>NEW YORK EMERGENCY MEDICAL<br>TECHNICIANS; LINCOLN HOSPITAL,<br><br>                       Defendants. | 25-CV-1667 (ER)<br><br>ORDER OF SERVICE |

EDGARDO RAMOS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his rights when he was falsely arrested, involuntarily hospitalized, and involuntarily medicated.[1] The Court construes the amended complaint as asserting federal constitutional claims under 42 U.S.C. § 1983, as well as claims under state law. By order dated March 27, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons set forth below, the Court: (1) dismisses Plaintiff's claims against the New York City Police Department ("NYPD") and, to the extent Plaintiff intends to denote a City agency, "New York Emergency Medical Technicians," substitutes as a defendant the City of New York; (2) dismisses Plaintiff's claims against Lincoln Hospital and substitutes as a defendant NYC Health + Hospitals ("H+H"); (3) directs service on H+H and the City of New York; and

---

[1] Plaintiff's original complaint was unsigned. By order dated March 3, 2025, Chief Judge Swain directed Plaintiff to cure this deficiency, which he did on March 18, 2025. On March 20, 2025, Plaintiff filed an amended complaint. The amended complaint is the operative pleading.

(4) directs H+H and the City of New York to assist Plaintiff in identifying the individual defendants who were involved in allegedly violating his rights.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. The NYPD, EMT, and the City of New York

Plaintiff's claims against the NYPD must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Plaintiff also names "New York Emergency Medical Technicians" as a defendant, although an entity by that name does not appear to exist. To the extent that Plaintiff is intending to sue divisions within the NYPD or Fire Department of the City

of New York that provide emergency medical services, the Court dismisses any such claims against that defendant for the reasons state above.

In light of Plaintiff's *pro se* status and likely intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the NYPD and New York Emergency Medical Technicians with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

To the extent Plaintiff is seeking to sue an entity that provides emergency medical service and that is not part of an agency of the City of New York or H+H, he may properly name that defendant and replead his claims in a second amended complaint.

### B.    Lincoln Hospital and H+H

Under New York law, H+H has the capacity to be sued. *See* N.Y. Unconsol. Laws § 7385(1). State law, however, does not grant facilities operated by H+H the capacity to be sued. *See Ochei v. Coler/Goldwater Mem'l Hosp.*, 450 F. Supp. 2d 275, 288 (S.D.N.Y. 2006) ("[A] facility owned and operated by [H+H] . . . may not be sued in its independent capacity"). The Court therefore dismisses Plaintiff's claims against Lincoln Hospital. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court construes Plaintiff's claims asserted against Lincoln Hospital as being asserted against H+H, and directs the Clerk of Court to amend the caption of this action to replace Lincoln Hospital with H+H. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses H+H may wish to assert.

C.    **Service on the City of New York and H+H**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants City of New York and H+H through the

U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service

Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of

Court is further instructed to issue summonses and deliver to the Marshals Service all the

paperwork necessary for the Marshals Service to effect service upon these defendants.

If the amended complaint is not served within 90 days after the date summonses are

issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d

56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of

time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

D.    **Individual defendants and *Valentin* order**

Plaintiff alleges that his rights were violated by NYPD officers, emergency medical

technicians, and staff members at Lincoln Hospital. He does not, however, name these

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the amended complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

individuals as defendants, likely because he does not know their identities. Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit the City of New York and H+H to identify the NYPD officers who arrested Plaintiff, the emergency medical technicians involved in Plaintiff's involuntary hospitalization, and the Lincoln Hospital staff who made the decision to medicate Plaintiff with a medication to which Plaintiff alleges he has previously had a negative reaction. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the City of New York, and counsel for H+H, must ascertain the identities and, if applicable, badge numbers of the individuals Plaintiff alleges were involved in violating his rights and the addresses where the individuals may be served. The Law Department and counsel for H+H must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the newly identified individuals as defendants. The second amended complaint will replace, not supplement, the original and amended complaint. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the U.S. Marshals Service to direct service on the newly identified defendants.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Police Department and "New York Emergency Medical Technicians." *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Court also dismisses Plaintiff's claims against Lincoln Hospital. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add NYC Health + Hospitals as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is directed to issue summonses for the City of New York and NYC Health + Hospitals, complete the USM-285 form with the address for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order and the amended complaint to the New York City Law Department at 100 Church Street, New York, NY 10007.

The Clerk of Court is also directed to mail a copy of this order and the amended complaint to NYC Health + Hospitals at 50 Water Street, 17th Floor, New York, NY 10004.

The Court grants Plaintiff's motion for leave to file an amended complaint, (ECF 12), which was filed as ECF 11. The Court directs Plaintiff to file a second amended complaint naming the newly identified individuals as defendants, within thirty days of receiving that information.

The Clerk of Court is directed to mail an information package to Plaintiff. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  March 31, 2025
         New York, New York

EDGARDO RAMOS
United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1.    NYC Health + Hospitals
      50 Water Street
      17th Floor
      New York, NY 10004

2.    The City of New York
      100 Church Street
      New York, NY 10007